

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 8, 1957

Honorable James A. Turman
House of Representatives
Capitol Station
Austin, Texas

Opinion WW-93

Re: Whether H. B. No. 8, and
H.B.No. 584 are appropria-
tion bills requiring the
certification of the Comp-
troller of Public Accounts
pursuant to Section 49a
of Article III of the Con-
stitution of Texas.

Dear Mr. Turman:

Your letter of April 2, 1957, to which is attached copies
of House Bill No. 8 and House Bill No. 584, states that a point of
order has been raised in connection with the consideration of
these bills by the Education Committee of the House. The point
of order raises the question of whether said bills are in fact
appropriation bills thereby requiring the certification of the
Comptroller of Public Accounts pursuant to the provisions of
Section 49a of Article III of the Constitution of Texas.

The aforementioned constitutional provision reads in part
as follows:

"From and after January 1, 1945, save in the case of
emergency and imperative public necessity and with a four-
fifths vote of the total membership of each House, no ap-
propriation in excess of the cash and anticipated revenue
of the funds from which such appropriation is to be made
shall be valid. From and after January 1, 1945, no bill
containing an appropriation shall be considered as passed
or be sent to the Governor for consideration until and
unless the Comptroller of Public Accounts endorses his
certificate thereon showing that the amount appropriated
is within the amount estimated to be available in the
affected funds. When the Comptroller finds an appropria-
tion bill exceeds the estimated revenue he shall endorse
such finding thereon and return it to the House in which
same originated. Such information shall be immediately
made known to both the House of Representatives and the
Senate and the necessary steps shall be taken to bring
such appropriation to within the revenue, either by pro-
viding additional revenue or reducing the appropriation."

House Bill No. 8 establishes new minimum salary schedules for various public school teachers and administrators and prescribes a formula basis for the calculation of same. Therefore, House Bill 8 constitutes preexisting law authorizing future appropriations and is not an appropriation within itself. House Bill No. 584 amends Section 2, Article V, Chapter 334, Acts of the 51st Legislature, Regular Session, 1949, by providing for a minimum monthly salary for school bus drivers with the further provision that funds for such purpose shall be allocated from the Foundation School Fund.

Sections 2(h) and 2(i) of House Bill No. 584, state in substance that the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars is appropriated to the State Board of Control for the establishment of the School Bus Revolving Fund. However, this provision was merely carried forth from the earlier Acts and if it does attempt to make an appropriation it is invalid because the same is not provided for in the caption of the Bill.

You are therefore advised that, since neither House Bill No. 8, nor House Bill No. 584 makes an appropriation within the meaning of the above cited constitutional provision, neither of said bills is required to be certified by the Comptroller of Public Accounts.

## SUMMARY

Since neither House Bill No. 8 nor House Bill No. 584 makes an appropriation within the meaning of Section 49a of Article III of the Constitution of Texas, neither of said bills is required to be certified by the Comptroller of Public Accounts.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Leonard Passmore

LP:pf:zt
APPROVED:
OPINION COMMITTEE:
H. Grady Chandler, Chairman
Edwin P. Horner
John Reeves
Joe G. Rollins
F. C. (Jack) Goodman

Leonard Passmore
Assistant